UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL FRANCIS MOYNIHAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> OFFICE OF STATE TREASURER, STATE OF WASHINGTON, <br><br> Defendant. | CASE NO. C11-5897BHS <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Washington State Office of the Treasurer's ("OST") motion to dismiss (Dkt. 8). The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 17, 2011, the Court granted Plaintiff Michael Francis Moynihan, Jr.'s ("Moynihan") motion to proceed in forma pauperis and accepted his complaint. Dkts. 2 & 3. Moynihan appears to allege violations of the Freedom of Information Act, 5 U.S.C. § 551, *et seq.* ("FOIA"), for OST's failure to comply with a request to produce documents under the Act. Dkt. 3.

On February 15, 2012, OST filed a motion to dismiss the complaint. Dkt. 8. Moynihan did not respond.

ORDER - 1

## II.  DISCUSSION

As a threshold matter, the Court may consider a party's failure to respond to a motion as an admission that the motion has merit.  Local Rule CR 7(b)(2).  Moynihan failed to respond to OST's motion.  Therefore, the Court considers this failure as an admission that OST's motion has merit.

With regard to the merits of the motion, the Court agrees with OST that Moynihan's suit is barred by the Eleventh Amendment and that Moynihan has failed to state a claim upon which relief may be granted.  First, an unconsenting state is immune from suits brought in federal courts by its own citizens.  *See Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S. Ct. 1347 (1974).  The state of Washington has not waived its Eleventh Amendment immunity for suits such as the one presented here.  *Clallam Couny v. Dep't of Transp.*, 849 F.2d 424, 427 (9th Cir. 1988), *cert. denied*, 488 U.S. 1008 (1989) ("Neither the State [of Washington] nor the agency waived the eleventh amendment immunity.").  In this case, Moynihan has failed to show that Washington or OST has waived its immunity to suit in federal court.  Therefore, the Court grants OST's motion to dismiss on this issue.

Second, under both the FOIA and the APA definitions, every "agency" is an "authority of the Government of the United States."  5 U.S.C. § 551(1).  OST is an authority of the state of Washington, not of the United States.  Even when a state agency receives federal financial support and is heavily regulated by the federal government, it is not an "agency" within the meaning of FOIA.  *St. Michael's Convalescent Hosp. v. Cal.*, 643 F.2d 1369, 1373-74 (9th Cir. 1981).  In this case, Moynihan has failed to show that OST is subject to the FOIA.  Therefore, the Court grants OST's motion to dismiss because Moynihan has failed to state a claim upon which relief may be granted.

## III. ORDER

Therefore, it is hereby **ORDERED** that OST's motion to dismiss (Dkt. 8) is **GRANTED**; Moynihan's claims are **DISMISSED with prejudice**; and Moynihan's in forma pauperis status is **REVOKED**.

DATED this 28th day of March, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3